VINTON DEMING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deming v. Commissioner
Docket No. 9938-85.
United States Tax Court
T.C. Memo 1986-169; 1986 Tax Ct. Memo LEXIS 441; 51 T.C.M. (CCH) 934; T.C.M. (RIA) 86169; April 24, 1986. Jay Richard Rosner, for the petitioner. Russell K. Stewart, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654 [1]
1979
$1,096.00
$274.00
$54.80
$45.81
1980
1,595.00
399.00
79.78
102.08
1981
2,564.00
641.00
128.20
196.49
*442 Further, respondent filed a motion seeking damages pursuant to section 6673. After concessions by respondent, the issues for decision are (1) whether petitioner has a valid constitutional basis to refuse to pay Federal income taxes because of a conflict between his religious beliefs and the use to which the Government applies tax proceeds, (2) whether petitioner is subject to the additions to tax (a) for failing to file returns, (b) for failing to pay tax due to negligence or intentional disregard of the rules and regulations, and (c) for failing to pay estimated tax for the years in issue, and (3) whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Petitioner resided in Philadelphia, Pennsylvania, at the time he filed his petition in this case. Petitioner is a member of the Religious Society of Friends (Quakers). He is employed as the editor and manager of Friends Journal, a Quaker publication. The underlying tenets on which Quakerism is premised include pacifism. Petitioner's faith dictates that he not *443 participate, directly or indirectly, in war or in "war making" activities, or in the acquisition of weapons. Accordingly, petitioner refused to pay income taxes that might be used by the Government to fund the military or military activities. Petitioner filed blank Forms 1040 for the years 1980 and 1981 on which he simply stated his opposition to paying taxes for "war making." He mailed these forms to the White House, accompanied by a cover letter addressed to President Ronald Reagan outlining the terms of his protest. He filed no Form 1040 for 1979. OPINION Petitioner argues that the First Amendment to the Constitution permits him to withhold tax payments otherwise due from him when the activities to which the proceeds are applied conflict with his religious convictions. Otherwise, he argues, to compel him to pay taxes to support such activities would interfere with the free exercise of his religion. The arguments in this case are identical to those made in Babcock v. Commissioner,T.C. Memo. 1986-168. Both petitioner and respondent rely on the arguments and authorities contained in their respective briefs filed in Babcock to support their positions *444 in this case. In Babcock, we held, and in this case we hold, that the conflict between one's religious beliefs and the use to which the Government applies tax proceeds is not a proper basis on which one may refuse to pay Federal income taxes. Petitioner has no constitutional basis on which to object to the payment of income taxes despite his religious objections to the application of those tax proceeds. Respondent's determination with respect to the deficiency is sustained. Further, we hold that petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a), and 6654. Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed therefor unless it is shown that such failure is due to reasonable cause and not due to willful neglect.Petitioner filed blank Forms 1040 for 1980 and 1981. These do not qualify as tax returns. Beard v. Commissioner,82 T.C. 766 (1984), on appeal (6th Cir., Sept. 24, 1984). Petitioner did not make even this effort for 1979; he filed no return for that year. The burden is on petitioner to show that this failure to file was due to reasonable cause and not willful neglect. He *445 does not offer an argument to excuse his delinquency. The fact that petitioner set forth on his blank Forms 1040 filed for 1980 and 1981 that he intended to pay no tax is adequate evidence on which to base a finding that his delinquency for all years in issue was due to willful neglect. See Muste v. Commissioner,35 T.C. 913 (1961). Petitioner also has the burden to prove that none of the underpayment was due to negligence or intentional disregard of the rules or regulations or else suffer the addition to tax provided for by section 6653(a). Harper v. Commissioner,T.C. Memo. 1973-214, affd. without published opinion 505 F.2d 730 (3d Cir. 1974). This he has failed to do. He obviously knew of his legal obligation to pay income taxes; it is apparent to us that petitioner intentionally disregarded this obligation for each of the years in issue. See Doyle v. Commissioner,T.C. Memo. 1982-740, affd. without published opinion 742 F.2d 1433 (2d Cir., 1983); Hollingshead v. Commissioner,T.C. Memo. 1984-158. Section 6654 provides for an addition to tax where there has been an underpayment of *446 estimated tax by an individual. The application of this addition to tax is absolute; there is no mental standard which need first be met. To the extent the minimum required installment of estimated tax exceeds the amount of tax deemed paid through withholding for each installment period (see section 6654(g)), petitioner is liable for the addition calculated on this acount. Respondent's determination is sustained. Finally, respondent has requested that he be awarded damages under section 6673. Upon due consideration, we do not think section 6673 damages should be awarded in this case. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩